PEOPLE, PLAINTIFF AND APPELLEE, *v.* MIRANDA, DEFENDANT AND APPELLANT.

Appeal from the District Court of Humacao in a Prosecution for Violation of the Internal Revenue Law.

No. 1586.—Decided January 31, 1921.

INTERNAL REVENUE LAW—COMPLAINT—OBJECTION—WAIVER.—The authority to file complaints for violations of the Internal Revenue Law does not lie exclusively with the Treasurer of Porto Rico. Section 88 of the said law does not forbid that any person having knowledge of the commission of the offense may file a complaint; and in this case the objection that the complaint should have been made by the Treasurer should be considered as waived because it was not raised before the trial.

ID.—TITLE OF LAW—CONSTITUTIONAL LAW—STILLS.—It cannot be held that section 61 of the Internal Revenue Law is void because stills are not mentioned in the title of the law. As it is stated in the title of the law that its purposes, among others, are to provide revenues and regulate the manufacture of alcoholic preparations, and as a still is the apparatus used for their distillation, it is necessary to conclude that the regulation of the possession of stills is impliedly one of the purposes of the law mentioned in its title.

The facts are stated in the opinion.

*Messrs. C. B. Buitrago* and *F. Martínez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a prosecution for having a still without recording it in the office of the Treasurer, thus infringing section 61 of the Excise Law of June 15, 1919.

The first error assigned is that the complaint should have been presented by the Treasurer himself. The authority relied on is section 88 of the same law, as follows:

"Section 88.—That the Treasurer of Porto Rico is hereby authorized to impose and collect, through administrative proceedings, from any person failing to observe any of said regulations, and in cases of less serious violations of this Act, a fine not to exceed (10) dollars for each violation, or he may in his discretion file a complaint in the proper court against such person for offenses against the regulations or violations of law. Any person so complained against before a court for any violation of this Act or of the regulations, upon conviction, shall be punished by fine or imprisonment, or by both penalties, in accordance with the specific provisions hereof.

"Whenever the Treasurer of Porto Rico imposes an administrative fine as hereinbefore provided and payment thereof is not made, said officer may institute proceedings in the proper court for violation of the provisions of law or of the regulations under which said fine is imposed, and upon conviction, the person committing such violation shall be punished according to the provisions of this Act as if the proceedings had been originally instituted in the proper court."

We are inclined to think with the court below that any citizen might file a complaint, whether the Treasurer did or not, but we especially agree with the *fiscal* that this objection was waived by not being presented before the trial. *People* v. *Paris,* 25 P. R. R. 103; *People* v. *Rosaly,* 28 P. R. R. 438.

The other objection presented was that the act in question contained more than one subject-matter not mentioned in the title, as prescribed by section 34 of the Organic Act in the following paragraph:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall

not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.''

This would be a privileged objection if true.

The object of the Excise Law is ''To provide revenues for The People of Porto Rico by levying certain excise and license taxes for the practice of certain professions, industries or businesses; to regulate the manufacture, use and sale of alcoholic preparations; to impose certain penalties; to repeal the excise and license tax laws now in force, and for other purposes.''

There is a single subject, excise taxes, their collection and regulation; but in any event the fixing of penalties for the violation of the statute was clearly expressed in the title.

The appellant at the hearing presented arguments, not included in his brief, namely, that section 2 of the Organic Act and the plebiscite thereon repealed the provisions of the revenue laws with regard to the use of alcohol. These matters were discussed and disposed of by our decision in *People* v. *Rosaly, supra.*

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.